**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MARTHA RITTER** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | |
| | * | **Civil No. PJM 07-539** |
| **THE EUGENE KERFOOT RITTER** | * | |
| **TRUST, et al.** | * | |
| | * | |
| **Defendants.** | * | |

## MEMORANDUM OPINION

Pro se Plaintiff Martha Ritter has filed a Notice of Removal from the Circuit Court of Montgomery County, Maryland. This is her third attempt at removal of a state case to the Court, one of her previous attempts having been remanded to state court by Judge Titus (*Ritter v. Ritter et al., Civil No. RWT-06-2665*) on October 30, 2006 and the second having been remanded by Judge Williams (*Ritter v. Ritter, et al.,* Civil No. AW-06-2921) on February 9, 2007.  Judge Titus remanded *sua sponte* on the grounds that a plaintiff is not entitled under 28 U.S.C. § 1441 to remove a case.[1] Judge Williams adopted Judge Titus' reasoning and remanded, explaining that "[t]he Court believes that the Plaintiff, in an effort to circumvent Judge Titus's October 20, 2006 Order, refiled a Complaint . . . purporting that she is a Defendant, hoping that her new attempt at removal would now be proper."  Ritter filed Motions to Reconsider both of those rulings.  Judge Williams recently denied the Motion to Reconsider before him; Judge Titus's remains pending.

---

[1] "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

The Court has reviewed the entire record, as well as the documents filed in Ritter's related removal attempts, and considers Defendant's Motion to Remand *instanter*.  [Paper No. 9].  No response by Ritter is deemed necessary, as the Court is very familiar with her theory of removal jurisdiction.  The Court *sua sponte* will **GRANT** Defendant's Motion to Remand.

The Court begins with the proposition that the removing party bears the burden of proving proper removal.  *Greer v. Crown Title Corp.,* 216 F.Supp.2d 519, 521 (D. Md. 2002) (*citing Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994).  On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.,* 950 F. Supp. 700, 701-02 (D. Md. 1997).  Ritter is unable to overcome the dispositive fact that she is plaintiff in the underlying state court action.

A summary of Ritter's tactics is revealing.  In her first attempt to remove, she listed herself as "Plaintiff" and E. Kerfoot Ritter, Jr. as "Defendant."  Having been thwarted due to her self-designation as Plaintiff, she filed a second Notice of Removal with Judge Williams, wherein she listed E. Kerfoot Ritter, Jr. as "Plaintiff" and herself as "Defendant."  But simply changing titles did not and does not alter the basic facts.  In the litigation with Judge Williams, Ritter claimed that she was a Defendant because E. Kerfoot Ritter, Jr. had filed a separate Complaint for an Emergency Restraining Order.  As Judge Williams found, the attempted removal was still improper.

In this third attempt, Ritter again claims on her Notice of Removal that E. Kerfoot Ritter, Jr. is "Plaintiff" and she is "Defendant" and, remarkably, she attaches to her Notice of Removal the *identical documents* she provided in her case before Judge Williams, the one exception being that she now attaches a copy of her Ninth Amended Complaint in state court as opposed to the Seventh

Amended Complaint that was in effect at the time of Judge Williams' handling of the case. Ritter makes the identical arguments she made before Judge Williams, indicating - again remarkably - that she simply was not happy with Judge Williams' decision. This kind of behavior is unacceptable.

The Court explains once and for all that, although she claims that she is only removing those aspects of the state court case in which she is a Defendant, it is Ritter's Complaint as plaintiff that governs the state-court proceedings and precludes her efforts to remove. As Judge Williams noted, the Complaint for an Emergency Restraining Order does not render Ritter a defendant in the underlying litigation. Nor does the fact that Ritter has attached a Counterclaim filed against her by E. Kerfoot Ritter, Jr. A *counter*claim requires the existence of an original claim and that claim was filed by Ritter. The filing of a counterclaim does not change the basic fact that she remains the plaintiff in the state litigation. *See Shamrock Oil & Gas Corp. v. Sheets, et al.,* 313 U.S. 100 (1941) (holding that a plaintiff in a state court against whom a counterclaim is filed may not seek removal pursuant to 28 U.S.C. § 1441).

Defense counsel has requested sanctions in the form of attorneys' fees. Under Federal Rule of Civil Procedure 11(b) - (c), sanctions are appropriate when an unrepresented party violates his or her obligation not to "harass or to cause . . . needless increase in the cost of litigation." Sanctions are also appropriate when such a party violates the requirement that all claims be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law . . ." *Id.*

The Court finds that Ritter has violated these obligations by continuing to file frivolous notices of removal that have needlessly increased the cost of litigation and vexed everyone else involved in the litigation. The Court is concerned that she may continue to attempt to remove her

case, notwithstanding the admonitions of three Judges of this Court and the utter lack of legal or factual basis for her doing so.  The Court cannot ignore blatant judge-shopping nor should Defendant be obliged to oppose these groundless, repetitive actions over and over. Accordingly, the Court finds it necessary to sanction Ritter for her abusive filings.  She will be required to pay defense counsel's attorneys fees incurred in the filing of the Motion to Remand, which the Court sets at $500.00.

For these reasons, Defendants' Motion to Remand [Paper No. 9] is **GRANTED.**  A separate order **SHALL ISSUE.**


_____**/s/**_____
**PETER J. MESSITTE**
March 23, 2007                        **UNITED STATES DISTRICT JUDGE**