IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MARTHA RITTER,** | * |
| | * |
| **Plaintiff** | * |
| | * |
| v. | * |
| | *   **Civil No. PJM 07-539** |
| **THE EUGENE KERFOOT RITTER** | * |
| **TRUST, et al.,** | * |
| | * |
| **Defendants** | * |

## MEMORANDUM OPINION

On March 23, 2007, the Court entered a Memorandum Opinion and Order remanding this case to the Circuit Court for Montgomery County, Maryland and sanctioning pro se Plaintiff Martha Ritter in the amount of $500.00 for her repeated attempts to remove her case to federal court. On April 10, 2007 Ritter filed a Motion to Alter/Amend Judgment [Paper No. 17] and an Amended Motion to Alter/Amend Judgment [Paper No. 16]. The Court considers the Motion that has been designated by Ritter as the amended version; the Motion to Alter/Amend Judgment [Paper No. 17] is deemed **MOOT.**

As the Court set forth in its previous Memorandum Opinion, this case represents Ritter's third attempt at removal of a state case to this Court, one of her previous attempts having been remanded to state court by Judge Titus (*Ritter v. Ritter et al.,* Civil No. RWT-06-2665) on October 30, 2006 and the second having been remanded by Judge Williams (*Ritter v. Ritter, et al.,* Civil No. AW-06-2921) on February 9, 2007. Ritter filed Motions to Reconsider both of those rulings. Judge Williams recently denied the Motion to Reconsider before him; Judge Titus's remains pending.

The instant Motion to Alter or Amend was filed pursuant to Fed. R. Civ. P. 59(e), though Ritter seems to frame the analysis as that of a motion under Fed. R. Civ. P. 60.

The Court notes as an initial matter that the Motion to Alter/Amend Judgment is untimely. Under Fed. R. Civ. P. 59(e), such motions shall be filed no later than 10 days after entry of the judgment. In this case, the Court's Order was entered on the docket on March 26, 2007, meaning that Ritter's motion would have been due on April 5, 2007. Ritter filed her Motions on April 10, 2007; they were entered on the docket on April 11, 2007.

Nonetheless, the Court has considered the substance of the Amended Motion and finds that Ritter has failed to set forth any grounds that warrant reconsideration of the March 23, 2007 Order remanding her case. Much of the Motion rehashes various grievances that have either been raised in this litigation or in the papers submitted in the cases before Judges Titus and Williams. Though Ritter purports to state seven grounds for removal jurisdiction, including such grounds as "to prevent manifest injustice" and "fraudulent statements made by Kerfoot," no matter how aggrieved Ritter may feel at her treatment by the state courts, such feelings do not give rise to removal jurisdiction. As for the two "grounds" that assert federal jurisdiction - Ritter's claims of diversity and federal question jurisdiction - even assuming this Court would have *original* jurisdiction over this case (a question which the Court expressly declines to consider), Ritter cannot overcome her status as a Plaintiff such that this Court has *removal* jurisdiction.

Indeed, Ritter herself admits that she is not the Plaintiff in the case she has removed to this Court, despite her protestations to the contrary. In setting forth the complicated web of litigation between herself and E. Kerfoot Ritter, Jr. that has spanned three different state cases, numbered as 110498, 153962 and 183625, Ritter argues that "in by far the majority of the pleadings in all three

-2-

of the cases, Miss Ritter is the Defendant." However, Ritter admits that "only Civil Cass [sic] No. 153962 was removed to become 07-CV-0539" and further that she "filed the initial claim against the Trust" in the case numbered 153962. Thus, by Ritter's own admission, she is the Plaintiff in the case that has been removed to this Court. As the Court has already explained, E. Kerfoot Ritter's subsequent filing of a Counterclaim, a Motion for Protective Order and a Motion for Contempt do not change the fact that Ritter was the original complainant and thus the Plaintiff in the case.

Ritter's other grievances regarding the Court's ruling likewise do not warrant reconsideration. Despite her feeling that the Court improperly (and unconstitutionally) denied her the right to respond to the motion to remand, the Court need not indulge full briefing on frivolous matters and was entitled to use its discretion to consider the matter *sua sponte*. Further, Ritter's argument that the Court did not review the entire state court record because the complete record had not yet been transmitted to this Court is irrelevant. The Court reviewed the purported "Complaints" in the underlying litigation and had a sufficient record on which to base its conclusion that Ritter is the Plaintiff and is thus unable to remove.

For these reasons, Ritter's Amended Motion to Alter or Amend Judgment [Paper No. 16] is **DENIED;** her original Motion to Alter or Amend Judgment [Paper No. 17] is **MOOT.** A separate order **SHALL ISSUE.**

|  |  |
|---|---|
|  | /s/ |
|  | **PETER J. MESSITTE** |
| **May 2, 2007** | **UNITED STATES DISTRICT JUDGE** |